10-0708-cv
Azose v. J.P. Morgan Chase Bank

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven,**

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
REENA RAGGI,
        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SOLOMON AZOSE AND NATALIE AZOSE,

        *Plaintiffs-Appellants*,

    v.                                   No. 10-0708-cv

J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION,

        *Defendant-Appellee,*

WASHINGTON MUTUAL BANK, J.P. MORGAN CHASE & CO.,
CHASE MANHATTAN BANKING CORP.,

        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**    JONATHAN A. DACHS, Dachs, Corker, Sauer & Dachs, LLP (Harry I. Katz, P.C., *on the brief*), Mineola, NY and Fresh Meadows, NY.

**FOR DEFENDANT-APPELLEE:**    ALAN E. SCHOENFELD (Christopher R. Lipsett, Wilmer Cutler Pickering Hale and Dorr, LLP, *on the brief*), New York, NY.

Appeal from a January 26, 2010 judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

On December 22, 2008, plaintiffs-appellants Solomon and Natalie Azose ("plaintiffs") filed an amended class action complaint against defendant-appellee J.P. Morgan Chase Bank, N.A. ("defendant"). The amended complaint alleged principally: (1) defendant participated in a shared network arrangement by which Washington Mutual Bank, where plaintiffs were account holders, paid a fee to defendant when plaintiffs used one of defendant's automated teller machines ("ATMs") to conduct balance inquiry transactions; (2) Washington Mutual, in turn, imposed a fee on plaintiffs for their use of defendant's ATMs; and (3) defendant did not properly disclose this fee arrangement on-screen or on-site of the ATM machine. Plaintiffs claim, therefore, that defendant violated § 1693b(d) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, which requires that ATM operators make certain disclosures for fees they impose on customers. Plaintiffs further claim that defendant violated 12 C.F.R. § 205 ("Regulation E"), a related implementing regulation.

On July 9, 2009, defendant filed a motion to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). On January 26, 2010, the District Court granted the motion. This appeal followed. We assume the parties familiarity with the remaining factual and procedural history of the case.

We review a district court's grant of a motion to dismiss *de novo*, accepting as true all well-pleaded factual allegations in the amended complaint and drawing all reasonable inferences in favor of the non-moving party. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). On appeal, plaintiffs argue that "although [defendant] is not collecting [a] fee *directly* from the customer, it does collect the fee from the [customer]'s own bank, which passes it on to the customer." App.'s Br. at 10 (emphasis in original). Under plaintiffs' theory, defendant is thereby required, pursuant to the EFTA and to Regulation E, to advise the customer of this fee when the customer uses the machine.

2

Plaintiffs' claims are without merit. As the District Court explained in its carefully considered Memorandum & Order, plaintiffs never allege that defendant imposed a fee on them. *See Azose v. J.P. Morgan Chase Bank, N.A.*, No. 07-cv-4996, 2010 WL 376632, at *9 (E.D.N.Y. Jan. 26, 2010). **[A 267]** Moreover, by the plain terms of EFTA and Regulation E, defendant has no obligation to disclose at its ATM any fees that it may have imposed on Washington Mutual in the course of processing plaintiffs' transactions. *Id.* at *8. Accordingly, the complaint was properly dismissed.

**CONCLUSION**

We have considered all of plaintiffs' arguments and find them unavailing. We **AFFIRM** the judgment of the District Court for substantially the reasons stated in its Memorandum & Order of January 26, 2010, *Azose v. J.P. Morgan Chase Bank, N.A.*, No. 07-cv-4996, 2010 WL 376632.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court